09-1354-ag
Chen v. Holder

BIA
IJ, Weisel
A073 568 341

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of April, two thousand ten.

PRESENT:
GUIDO CALABRESI,
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

─────────────────────────────────────

MIN ZHANG CHEN,
*Petitioner*,

v.                                          09-1354-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent*.

─────────────────────────────────────

FOR PETITIONER:        Scott E. Bratton, Cleveland, Ohio.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Jennifer Paisner Williams, Senior Litigation Counsel; Ali Manuchehry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Min Zhang Chen, a native and citizen of the People's Republic of China, seeks review of a March 5, 2009, order of the BIA, affirming the November 19, 2008, decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his motion to reopen. *In re Min Zhang Chen*, No. A073 568 341 (B.I.A. Mar. 5, 2009), *aff'g* No. A073 568 341 (Immig. Ct. N.Y. City Nov. 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the agency did not abuse its discretion in denying Chen's motion to reopen as untimely because he filed it over ten years after his order of removal became final. *See* 8 C.F.R. § 1003.2(c)(2).

To the extent Chen argues that country conditions have changed in China with respect to the treatment of Falun Gong practitioners, the agency did not abuse its discretion in

2

declining to reopen on that basis.  Indeed, Chen allegedly began practicing Falun Gong almost ten years after the practice was outlawed.  Thus, the agency reasonably viewed the motion as based on a change in personal circumstances, which fails to except his motion to reopen from the applicable time limitations.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).  The birth of Chen's second child in the United States is similarly a change in personal circumstances.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006); *Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir. 2008) (holding that the existing legal system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (*e.g.,* by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application.").  Contrary to Chen's argument, a reasonable factfinder would not be compelled to conclude that the agency failed to consider the evidence he submitted regarding that claim.  *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006).  Accordingly, because Chen failed to establish

3

changed country conditions, the agency did not abuse its discretion in denying his untimely motion to reopen. *See* 8 U.S.C. § 1229(a)(c)(7)(C)(ii); *Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk